John H. Lawrence and Edward F. Lawrence, trading
as Lawrence Brothers, Appellants, v. William
Wendnagel and Charles M. E. Wendnagel, trading
as Wendnagel & Company, Appellees.

Gen. No. 22,271.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM
N. GEMMILL, Judge, presiding. Heard in this court at the March
term, 1916. Affirmed. Opinion filed June 26, 1916.

## Statement of the Case.

Action in debt by John H. Lawrence and Edward F.
Lawrence, trading as Lawrence Brothers, plaintiffs,
against William Wendnagel and Charles M. E. Wend-
nagel, trading as Wendnagel & Company, defendants,
to recover on an indemnity bond. From a judgment
of *nil capiat* and for costs in a trial before the Munici-
pal Court without the intervention of a jury, plaintiffs
appeal.

The facts involved were that defendants had a con-
tract with plaintiffs for certain structural steel work,
under which plaintiffs were authorized to retain out
of any moneys due defendants at any time sufficient to
indemnify plaintiffs against any claim or lien for which
they or their property might be liable. On November
24, 1911, one David O'Keefe threatened a suit at law
against plaintiffs for personal injuries claimed to have
been suffered in and about the erection by defendants
of the structural steel work for plaintiffs. Plaintiffs
claimed the right to retain about $4,000 due defendants
to await the result of O'Keefe's threatened suit. De-
fendants not only denied liability, but also the right of
plaintiffs to retain the money then due them. This con-
troversy was settled by defendants giving to plaintiffs
a bond of indemnity in the penalty of $4,000, condi-
tioned that defendants should hold plaintiffs harmless

from and against all liability for personal injuries sustained by any and all persons as the result of the carelessness or negligence of defendants, their agents or employees, in and about the performance by defendants of their contract with plaintiffs, agreeing to pay plaintiffs "all damages resulting or arising from such negligence, which may hereafter be assessed against them in any action brought by any such person or persons, then this obligation to be void," etc. O'Keefe sued plaintiffs for damages for the personal injury which he claimed he suffered, and plaintiffs defended the suit successfully and brought this suit in debt, upon the indemnity bond hereinbefore referred to, to recover from defendants, attorney's fees, witness fees, and other expenses paid by plaintiffs in their defense of the O'Keefe suit, with interest upon all of such disbursements. The attorney of defendants assisted in the defense of the O'Keefe suit by advising plaintiffs' attorneys regarding the pleadings and, at one time, as to the advisability of procuring a continuance, also as to the advisability of employing additional counsel to help in the trial of the case and the propriety of procuring medical testimony on the theory that O'Keefe was malingering. Defendants' attorney was also present at the trial, although he took no active part in it. It also appeared that in a motion to instruct a verdict for plaintiffs in the present suit (defendants in the O'Keefe suit), the name of defendants' attorney was coupled with those of plaintiffs' attorneys.

BURTON, KANNALLY & MEGAN, for appellants.

EDMUND W. FROEHLICH, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INDEMNITY—*when terms of original contract waived by acceptance of indemnity.* Where a contract for construction authorizes persons letting it to retain out of any moneys due the contractors a sufficient amount to indemnify the former against any claim or lien for which they or their property may be liable, and on a threat by an employee of suit for personal injuries the contractors give to those letting the contract an indemnity bond to hold the latter free from liability, *held* that the contract between the parties and the bond of indemnity constitute different transactions, the contract being satisfied upon the payment and acceptance of the amount due thereunder, and the terms of the contract provided for the retention of money being waived by the acceptance of the indemnity bond.

2. INDEMNITY, § 9*—*how indemnity bond construed.* Nothing can be read into an indemnity bond which does not actually appear in it or which is not warranted by legal interpretation of the language used to express the intention of the parties, which intention must be gathered from such language.

3. INDEMNITY, § 9*—*when indemnity bond not construed as covering liability for attorneys' fees and expenses.* Where the covenant of an indemnity bond is limited to "all damages resulting or arising from such negligence which may hereafter be assessed against them in any action brought by any such person or persons," and in the suit in which the bond is given no damages are recovered, the terms of the bond cannot be construed to hold defendant in the action liable for the attorneys' fees and the expenses attendant upon the suit.

*See **Illinois Notes Digest, Vols. XI to XV,** and **Cumulative Quarterly,** same topic and section number.